UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES WARREN,

        Plaintiff,

v.                                                                                Case No. 18-C-721

CO RUDOLPH, *et al.*,

        Defendants.

---

## **SCREENING ORDER**

---

Plaintiff James Warren, who is currently serving a state prison sentence at Stanley Correctional Institution (SCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee. ECF No. 6.

### **MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. Pursuant to the Prison Litigation Reform Act (PLRA), the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the statutory filing fee, $350.00, for any civil action. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA, which amended the *in forma pauperis* statute, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the

prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.* The obligation to pay the full filing fee continues, even if the case is immediately dismissed as frivolous, malicious or for failure to state a claim, or later on summary judgment or after trial. The amount of the filing fee can be recovered as part of the costs of the action in the event the plaintiff ultimately prevails.

Warren filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the 6-month period immediately preceding the filing of the instant complaint, the average monthly deposit in Warren's prison account was $79.56 and the average monthly balance to the account was $241.75. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Warren is required to pay an initial partial filing fee of $48.35. Warren has submitted an initial $50.00 payment that satisfies this initial partial filing fee. Accordingly, Warren's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504

U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

Warren's claims stem from an interaction with Defendant Officer Rudolph on August 21, 2017. While walking between two housing units as part of his job as a canteen worker, Warren alleges that he encountered an unknown officer while passing an officer's station. He says that he asked her, "How are you doing, and what's your name?" ECF No. 1 at 1. She showed him her ID card, and he pronounced her name, "Rudolph," under his breath as he walked away.

The next day, Warren alleges that Defendant Captain Taylor came to his cell with several other officers. They handcuffed him behind his back and transferred him from the general population to segregation. Warren alleges that, when Captain Taylor asked if he knew why he was being transferred, he responded, "I have no idea what this is about or when this is supposed to have happened." *Id.* at 2. Captain Taylor then informed him that he was being placed in segregation for soliciting an employee, pending a misconduct investigation into the charges. Warren was given a

3

maximum release date of September 11, 2017. ECF No. 1-1 at 3.[1] He states that, as a result of the placement in segregation, he lost his cell assignment, bed assignment, and unit wing advantage, and that he experienced daily physical and mental discomfort while in segregation. ECF No. 1 at 2. Warren alleges that Defendant Warden Reed Richardson drafted the institution policy authorizing detention in segregation pending investigation of a disciplinary matter. ECF No. 1 at 1.

A disciplinary hearing was held on September 12, 2017. ECF No. 1-1 at 8–9. The charge for soliciting an employee was dismissed. *Id.* Although Rudolph's original misconduct report stated that Warren said "let's meet up on the other side" to her, at the hearing Rudolph could not remember with 100% certainty exactly what Warren had said to her. ECF No. 1-1 at 4, 7. Warren alleges that Rudolph's supervisor, Defendant Lieutenant Walia, told her to charge him with solicitation in the conduct report. ECF No. 1 at 2.

Warren alleges that, after the misconduct charge was dismissed, he pursued administrative remedies on a claim that Rudolph engaged in misconduct by making a false statement on his conduct report. *Id.* at 3. Although Defendant Security Director Achterberg is not named in the body of the complaint, Warren attached to his complaint an October 18, 2017, letter to him requesting a transfer to a different institution as a result of Rudolph's alleged misconduct that resulted in his transfer to segregation. ECF No. 1-1 at 14–15. Achterberg responded in an October 24, 2017 memo reminding Warren that he had the right to file a complaint with the Institution Complaint Examiner

---

[1] Warren attached several pages of documents to his complaint, including the original conduct report written by Rudolph and documents related to the misconduct hearing regarding her allegations. Under Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." The Seventh Circuit takes a broad view of the term "written instrument" under Rule 10(c), and the court may therefore consider the documents attached to Warren's complaint as part of the assessment of his claims. *See Otis v. Demarasse*, 886 F.3d 639, 647 n.3 (7th Cir. 2018).

4

(ICE). *Id.* at 16. Warren eventually filed a formal inmate complaint. *Id.* at 19. Defendant Claire Hickey, the ICE, eventually rejected his complaint, and Warren alleges that she did not conduct an adequate investigation before doing so. ECF No. 1 at 3; ECF No. 1-1 at 20–22.

## The Court's Analysis

Warren contends that the defendants violated his rights under the Eighth and Fourteenth Amendments by pursuing what he alleges was a false and unjustified disciplinary charge and holding him in segregation without a hearing for 20 days between the filing of the conduct report and its ultimate dismissal. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)).

"[T]he procedural protections of the [Fourteenth Amendment] Due Process Clause will only be triggered if state action implicates a constitutionally protected interest in life, liberty, or property." *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 570–71 (1972)). However, the Due Process Clause "does not necessarily protect prisoners against the imposition of disciplinary segregation." *Id.* (quoting *Williams v. Ramos*, 71 F.3d 1246, 1249 (7th Cir. 1995)). To the contrary, "prison administrators are 'accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). Indeed, "[a] prisoner has no liberty interest in remaining in the general prison population." *Williams*, 71 F.3d at 1248 (citing *Hewitt v. Helms*,

5

459 U.S. 460, 467–68 (1983)). Although Warren alleges that he was denied the procedural due process guaranteed by the Fourteenth Amendment, this claim fails as to all defendants as a matter of law because he had no protected liberty interest in remaining free from the segregation unit.

To state a claim that the conditions of his confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment, a prisoner must make two showings: "first, an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate 'the minimal civilized measures of life's necessities,' creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind." *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (citation omitted) (first quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); then citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Under this standard, the Seventh Circuit has concluded that "prolonged confinement in administrative segregation may constitute a violation of the Eighth Amendment . . . , depending on the duration and nature of the segregation and whether there were feasible alternatives to that confinement." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 666 (7th Cir. 2012) (citing *Walker v. Shansky*, 28 F.3d 666, 673 (7th Cir. 1994)).

The Supreme Court has held that in order state a due process claim under the Fourteenth Amendment based on the placement of an inmate in segregation, the segregation must impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Warren, however, makes no claim that the conditions of segregation were unusually harsh or onerous, and his only objection seems to be to the 20-day length of his stay there. The Seventh Circuit has held that an inmate experiencing a far longer stay in segregation could not satisfy the objective element of a conditions of confinement claim. *See Isby*,

6

856 F.3d at 521–24 (ten years). In a case similar to Warren's claim, an inmate received a 15-day stay in segregation for a misconduct charge that was later dismissed by a review board, and the Seventh Circuit noted that such "[a] brief stay in disciplinary segregation is, figuratively, a kind of slap on the wrist that does not lead to a cognizable Eighth Amendment claim." *Leslie v. Doyle*, 125 F.3d 1132, 1135 (7th Cir. 1997). Absent some allegation that the conditions of segregation at SCI are unusually harsh—and Warren makes no such allegation—he has failed to state a claim against any defendant under the Eighth Amendment.

Considering together his claims under the Eighth and Fourteenth Amendments, Warren has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $300.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of

Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this 16th day of July, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.